# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 18, 2012

144156

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

PAGEANT HOMES, INC.,
           Plaintiff-Appellant,

v

WILLIAM E. BRADLEY, WILLIAM WILFORD,
and PATRICIA WILFORD,
           Defendants,

and

DEUTSCHE BANK NATIONAL TRUST,
           Defendant-Appellee.

SC: 144156
COA: 293359
Ingham CC: 07-001867-CH

_____/

On order of the Court, the application for leave to appeal the October 20, 2011 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

CAVANAGH and MARILYN KELLY, JJ., would grant leave to appeal.

MARKMAN, J. (*dissenting*).

I respectfully dissent and would grant leave to appeal. The question here is an important one, and the relevant principles of law ought to be clearly rendered. Yet all that we have for the guidance of the affected business communities is a new and *unpublished*, two-page opinion of the Court of Appeals that sets forth principles of property law that may or may not be compatible with previously operative principles that served, with a minimum of litigation, to govern the priority of certain liens in Michigan. I would grant leave not because I am convinced that the Court of Appeals erred in its decision, but because I am convinced that it is necessary in this realm that the law not be unsettled.

Defendant-mortgagor's home was destroyed by fire, and the insurer paid defendant-mortgagee for the total loss of the home. Pursuant to the mortgage, the mortgagee was only obliged to reconstruct the home if such reconstruction was in its judgment economically feasible and if its security interest would not thereby be lessened. Otherwise, the mortgagee was permitted to retain the proceeds and extinguish the mortgage. Rather than extinguishing the mortgage, the mortgagee opted to reconstruct the home and disbursed the insurance proceeds to do so. The mortgagor issued a partial payment to plaintiff for reconstruction materials, which plaintiff then furnished. However, the mortgagor never fully paid plaintiff for the materials, and plaintiff filed a construction lien. Plaintiff subsequently brought suit to foreclose this lien, but the trial court determined that the mortgage lien had priority. On appeal, the Court of Appeals affirmed on the basis that the disbursement of the insurance proceeds had given rise to no "new indebtedness."

The relevant language of the Construction Lien Act, MCL 570.1101 *et seq.*, provides:

> The priority of the mortgage shall exist as to all obligations secured by the mortgage except for indebtedness arising out of advances made subsequent to the first actual physical improvement. [MCL 570.1119(4).]

Thus, for plaintiff's lien to have priority, it must constitute "indebtedness arising out of advances" "secured by the mortgage." That is, plaintiff's lien must satisfy three criteria: (a) it must constitute "indebtedness," (b) it must "arise out of advances," and (c) it must be "secured by the mortgage." Only the third factor seems to be in dispute.

It can at least be argued that the "indebtedness" in the instant circumstances is "secured by the mortgage" as a result of the mortgagee's threshold decision to reconstruct the home instead of extinguishing the mortgage. That is, it may be argued that the mortgagee's decision to reinvigorate the mortgage by reconstructing the destroyed home and its "advance" of insurance proceeds for that purpose caused the "indebtedness" to be "secured by the mortgage" because if the mortgagee had simply retained the proceeds, as it was entitled to do, the mortgage would have been extinguished and no "indebtedness" would have accrued.

In my judgment, this Court should consider whether the Court of Appeals' conclusion that plaintiff's lien must constitute "new" indebtedness is consistent with MCL 570.1119(4) where "new" indebtedness is nowhere mentioned in the statute. Rather, indebtedness must simply be "secured by the mortgage." This case implicates whether the distinction between these concepts is supported by the statute. Because the funds used to reconstruct the home derived from insurance proceeds, it can be argued that the "indebtedness" accrued during reconstruction is not "new." However, because the

reconstruction reinvigorated a mortgage that would otherwise have been extinguished, it can also be argued that the funds are nevertheless "secured by the mortgage."

While recognizing that there may be reasonable analyses on both sides of the issue presented in this case, I believe this case presents an issue of jurisprudential and practical significance, worthy of this Court's further consideration. That there are no opinions on the subject presented, aside from the Court of Appeals' unpublished opinion in this case, suggests that some consensus or understanding has previously operated within this realm. What is unclear is whether the Court of Appeals' opinion reflects this consensus or understanding or instead risks disrupting it. As we have said many times before in our property law decisions, there is no area of the law in which it is more important that the law be clear and settled. I would grant leave to appeal to determine whether we are furthering or undermining this objective.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 18, 2012

_Corbin R. Davis_
Clerk

p0515